**Mandeep KAUR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–70343.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009.[*]

Filed Nov. 2, 2009.

Inna Lipkin, Esquire, Counsel, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Erica Miles, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

## MEMORANDUM **

Mandeep Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Gu v. Gonzales*, 454 F.3d 1014, 1018–19 (9th Cir.2006), and we deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the IJ's conclusion that Kaur did not suffer past persecution because the mistreatment she suffered during her two-day detention did not rise to the level of persecution. *See id.* at 1019–21. Further, substantial evidence also supports the IJ's conclusion that Kaur did not establish her fear of returning to India was objectively reasonable. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1095–96 (9th Cir.2002). Accordingly, Kaur's asylum claim fails.

■ Because Kaur failed to establish eligibility for asylum, she necessarily failed

to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

■ Substantial evidence supports the agency's denial of CAT relief, because Kaur failed to establish that it is more likely than not that she would be tortured if she returned to India. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir.2004).

Finally, we lack jurisdiction to review Kaur's humanitarian asylum claim because she failed to exhaust the issue before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

